|  |  |  |
|---|---|---|
| JAMES JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| JERMEY SAMS, et al., | ) | **ON INITIAL REVIEW** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 4].

## I. BACKGROUND

Pro se Plaintiff James Jacobs ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On March 23, 2026, he filed this action pursuant to 42 U.S.C. § 1983, based on alleged events at Alexander. [Doc. 1]. Plaintiff names Jermey Sams, identified as a Unit Manager at Alexander, and Scott Pitts, identified as an Assistant Unit Manager at Alexander, as Defendants in their individual and official capacities. [Id. at 2]. Plaintiff alleges that on February 2, 2026, and March 2, 2026, Defendant Sams improperly rejected Plaintiff's grievances and that, on February 11, 2026, Defendant Pitts improperly rejected Plaintiff's grievance. [Id. at 5].

Plaintiff purports to state a claim under "Chapter G Section .0301."[1] [Id. at 3]. Plaintiff

---

[1] The Court will address only those claims fairly raised by Plaintiff's Complaint.

does not allege having suffered any injury. [See id. at 5]. Plaintiff seeks monetary relief and wants the Defendants to be disciplined for their actions. [Id. at 5].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

"[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). Plaintiff, therefore, has failed to state a § 1983 claim based on Defendants' alleged improper responses to Plaintiff's grievances.

Moreover, a policy violation does not rise to the level of a § 1983 claim absent a plausible allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). As such, to the extent Plaintiff purports to state a claim based on the violation of prison policy, he has failed to do so.

Furthermore, Plaintiff purports to sue the Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, any claim Plaintiff purports to bring for monetary relief against the Defendants in their official capacities necessarily fails and will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review

and will be dismissed without prejudice.  The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order.  Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint.  Piecemeal amendment will not be permitted.  Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend her Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that all Defendants are hereby **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: March 26, 2026

Frank D. Whitney
Senior United States District Judge